**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50611 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00143-JAH |
| v. | |
| DONALD WAYNE WARWICK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Donald Wayne Warwick appeals from the district court's judgment and

challenges the ten-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Warwick contends that the district court erred procedurally by considering

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

improper sentencing factors and by failing to address his mitigation arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record shows that the district court relied on proper sentencing factors and adequately considered Warwick's arguments. *See* 18 U.S.C. § 3583(e); *United States v. Stoterau*, 524 F.3d 988, 999-1000 (9th Cir. 2008) (except in unusual or complex cases, where the record reflects that the district court considered the defendant's arguments, the court need not provide extensive explanation for a within-Guidelines sentence).

Warwick further contends that the ten-month revocation sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Warwick's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances, including Warwick's prior supervised release violation and breach of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**